### No. 628

### STARK ELECTRIC R. R. v. HOSTETLER

Ohio Appeals, Seventh District, Mahoning County
Decided March 23, 1923

This opinion has not been published except in Abstract.

PERSONAL INJURY—Injury to passenger in boarding interurban.

POLLOCK, J.

Epitomized Opinion

Hostetler sued R. R. to recover damages for loss of services of his wife who was injured in boarding company's car at Canton. Hostetler and his wife and child were waiting to board the company's interurban car to Alliance and as incoming passengers were alighting from the rear of the car, the Hostetlers were directed to enter at the front of the car. Mrs. Hostetler enterd th front vstibule and as she was attempting to pass from this to the smoking apartment, she tripped on the step and fell forward and was injured. Mrs. Hostetler frequently rode on these cars but was always before directed to board and did board the car at the rear entrance. Steps both in rear and front ends of car led up to the floor vestibule but it is necessary to step up 6 to 7 inches from the vestibule to the seating part of the car.

The company also had cars on which Mrs. Hostetler frequently rode with the vestibule on the level with the seating part of the car. Hostetler alleged that the company was negligent in failing to provide a modern interurban car with the vestibule on the level with the seating part, in directing Mrs. Hostetler to go into a dangerous place in the car without furnishing such assistance as would prevent her from being injured, and in failing to properly light the vestibule and passageway. The court in his charge, submitted to the jury the question whether the company was negligent in having this type of car and in directing Mrs. Hostetler to go to the front of the car to enter, and placed the burden of proof upon the company to prove the car was properly lighted. The Court of Appeals in reversing the judgment for Hostetler held:

1. The type of interurban car which Mrs. Hostetler attempted to enter is in general use and it was error for the court to submit to the jury the question of whether the company was negligent in providing this type of car.

2. Court erred in submitting the question whether company was negligent in directing Mrs. Hosteter to go to front of car to enter, as the front was like the rear entrance and it was not unusual for the conductor to direct passengers to enter by the front door.

3. It was error for the court to place the burden of proof upon the company to prove that the car was properly lighted.

4. The court erred in assuming in his charge that the front vestibule was a dangerous place.

5. The evidence discloses that Mrs. Hostetler was guilty of contributory negligence in failing to keep a proper look out for her own safety.

Attorneys—Moore, Barnum & Hammond and C. Shetler, for Electric Co.; K. L. Coburn, for Hostetler.